UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| BOBBY GRESHAM, | ) | Civil Action No.: 1:06-cv-3069-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MIDLAND PAINT & BODY SHOP, INC.; CLAUTHON D. GIACOBONE; CHUCK COMPTON; | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the court are: 1) Defendants' [Docket Entry #70] motion for summary judgment; 2) Defendants' [Docket Entry #71] motion to dismiss for failure to prosecute and for sanctions; and 3) Defendants' [Docket Entry #78] motion to strike Plaintiff's declaration. These motions are before the court with the Report and Recommendation [Docket Entry #84] of Magistrate Judge Joseph R. McCrorey.[1]

Plaintiff, an African American male, brought this lawsuit alleging four claims based on race pursuant to 42 U.S.C. § 1981: 1) wage discrimination; 2) termination; 3) retaliation; and 4) harassment or hostile work environment.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de*

---

[1] This matter was referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02.

*novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

I.     Motion to Dismiss for Failure to Prosecute and for Sanctions

Defendants moved to dismiss for failure to prosecute and for sanctions based on: 1) Plaintiff's failure to initiate discovery in a timely manner, 2) Plaintiff's filing of an unsupported motion for protective order; 3) Plaintiff's failure to attend a deposition; 4) appearance before the Magistrate Judge without local counsel; 5) Plaintiff's failure to discuss mediation; and 6) Plaintiff's failure to appear at Plaintiff's rescheduled deposition.

The Magistrate Judge recommended granting in part and denying in part Defendants' motion to dismiss for failure to prosecute and for sanctions. Specifically, the Magistrate Judge recommended that the motion for sanctions should be granted to the extent that monetary sanctions be imposed against Plaintiff and his counsel with respect to Plaintiff's first deposition. The Magistrate Judge recommended that Defendants' motion to dismiss for failure to prosecute and for sanctions be denied in all other respects.

Plaintiff objects arguing that the record does not support an award of sanctions. However, having reviewed Plaintiff's objections and the record in this case, the court finds that Plaintiff and his counsel's conduct throughout this litigation justifies an award of monetary sanctions equal to the costs incurred as a result of Plaintiff's failure to attend the first deposition. The court overrules Plaintiff's objections and agrees with Magistrate Judge's recommendation granting in part and denying in part Defendants' motion for sanctions. The court hereby adopts and incorporates by reference pages 2 through 5 of the Report and Recommendation of the Magistrate Judge.

II.     Motion to Strike Declaration of Plaintiff

Defendants' motion to strike declaration of Plaintiff is based on the fact that Plaintiff failed to appear for his scheduled depositions. The Magistrate Judge recommended that Defendants' motion to strike Plaintiff's declaration be denied.

In their objections, Defendants argue that the Magistrate Judge did not address their motion to strike. However, the court finds that the Magistrate Judge did, in fact, address Defendants' argument that Plaintiff should be penalized for failing to appear for his scheduled depositions. *See* [Report and Recommendation, at pgs. 3-5, 12, Docket Entry #84]. The Magistrate Judge, however, recommended imposing only monetary sanctions with respect to the costs of the first deposition. The Magistrate Judge rejected Defendants' calls for additional, harsher sanctions.

Having reviewed the record, the court agrees with the Recommendation of the Magistrate Judge. The court overrules Defendants' objections and adopts and incorporates by reference pages 3 through 5 and 12 of the Report and Recommendation of the Magistrate

Judge.

III.    Motion for Summary Judgment

The Magistrate Judge recommended that summary judgment be: 1) granted as to Plaintiff's wrongful termination, wage discrimination, and retaliation claims; and 2) denied as to Plaintiff's hostile work environment claims.

As an initial matter, no party filed objections to the Magistrate Judge's recommendation that summary judgment should be granted as to Plaintiff's wage discrimination and retaliation claims. The district court need not conduct a *de novo* review when a party fails to make an objection directing the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano*, 687 F.2d at 47-48. Accordingly, the court adopts and incorporates by reference pages 6, footnote 5, and pages 10 through 12 of the Magistrate Judge's Report and Recommendation. Summary judgment is therefore granted as to Plaintiff's wage discrimination and retaliation claims.

With regard to Plaintiff's hostile work environment claim, the Magistrate Judge recommended that Defendants' motion for summary judgment be denied. Defendants' objection to this recommendation is simply that the Magistrate Judge erred in refusing to strike Plaintiff's declaration. Defendants argue that by striking Plaintiff's declaration, there is no evidence of a racially hostile work environment. However, as the court stated above, the court agrees with the Magistrate Judge that Defendants' motion to strike Plaintiff's declaration be denied. Defendants' objections are overruled and the court adopts and incorporates by reference pages 8 through 10 of the Magistrate Judge's Report and Recommendation.

Finally, as to Plaintiff's wrongful termination claim, the Magistrate Judge recommended

that summary judgment be granted because Plaintiff had failed to establish a *prima facie* case of discrimination. Specifically, the Magistrate Judge found that there was nothing in the record to establish that Plaintiff was replaced by someone outside the protected class or that other employees outside the protected class were retained under similar circumstances.

To establish a *prima facie* case of discrimination in a wrongful termination case, the plaintiff must establish: 1) he is a member of a protected class; 2) he was discharged; 3) he was satisfactorily performing his duties at the time of his discharge; and 4) after his discharge he was replaced by someone outside the protected class. *EEOC v. Clay Printing Co.*, 955 F.2d 936, 941 (4th Cir. 1992).

Plaintiff objects to the Magistrate Judge's recommendation arguing that the Magistrate Judge overlooked Defendants' answer, which admits that a Caucasian male was hired to replace Plaintiff. *See* [Answer, at ¶ 19, Docket Entry #43]. The sole basis for the Magistrate Judge's recommendation that summary judgment be granted on Plaintiff's wrongful termination claim was that there was no evidence that Plaintiff had been replaced by someone outside the protected class. In light of Defendants' answer, the court rejects the Magistrate Judge's recommendation.

It should be noted that Defendants were aware of the admission in their answer that someone outside the protected class was hired to replace Plaintiff. Yet, Defendants did not object to the Magistrate Judge's Report and Recommendation to request a complete analysis of Plaintiff's wrongful termination claim in the event this court concluded that the Magistrate Judge's finding was in error. Having rejected the Magistrate Judge's sole basis for granting summary judgment, the court denies summary judgment as to Plaintiff's wrongful termination

claim.

## Conclusion

For the reasons stated above, the court adopts in part and rejects in part the Report and Recommendation [Docket Entry #84] of the Magistrate Judge. Accordingly, Defendants' [Docket Entry #70] motion for summary judgment is **GRANTED in part** and **DENIED in part**. In particular, summary judgment is granted as to Plaintiff's wage discrimination and retaliation claims; summary judgment is denied as to Plaintiff's wrongful termination and hostile work environment claims. Defendants' [Docket Entry #71] motion to dismiss for failure to prosecute and for sanctions is **GRANTED in part** and **DENIED in part**. Defendants' [Docket Entry #78] motion to strike Plaintiff's declaration is **DENIED**.

**IT IS SO ORDERED**.

September 30, 2008                                                   s/ R. Bryan Harwell
Florence, South Carolina                                         R. Bryan Harwell
                                                                              United States District Judge