UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| BOBBY GRESHAM, | ) | Civil Action No.: 1:06-cv-3069-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **SUPPLEMENTAL ORDER** |
| | ) | |
| MIDLAND PAINT & BODY SHOP, INC.; CLAUTHON D. GIACOBONE; CHUCK COMPTON; | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

In its Order issued September 30, 2008, the court awarded sanctions to the defendants equal to the costs incurred as a result of Plaintiff's failure to attend the first deposition. *See* [Docket Entry #90].

The attorneys for the defendants submitted affidavits of attorney fees pursuant to Rule 37. Both affidavits include attorney fees for work other than those costs incurred as a result of Plaintiff's failure to attend the first deposition.

Attorney Player, who represents Defendant Chuck Compton, indicates his total time for both missed depositions was 4.5 hours and his hourly rate was $200 per hour.

Attorney Ballard, who represents Defendants Midland Paint and Body Shop, Inc. and Clauthon Giacobone, has submitted hourly rates in excess of $500 per hour, which includes Ms. Ballard ($300 per hour), Ms. Weissenstein ($150 per hour), and a paralegal ($85 per hour). Attorney Ballard, through the affidavit of her former associate Ms. Weissenstein, represents that her team spent "approximately 44 hours scheduling and rescheduling the Plaintiff's deposition, and other depositions, and preparing for the depositions" and that "[f]ees

and costs combined related to the depositions approximately total: $7,667.95." [Affidavit of Attorney Fees, Docket Entry #71, at pg. 31]. The attorney fees requested by Defendants Midland Paint & Body Shop, Inc. and Clauthon Giacobone are excessive and are clearly not limited to costs incurred as a result of Plaintiff's failure to attend the first deposition.

The affidavits do not indicate an amount for the court reporter's appearance.

Considering the affidavits submitted by the attorneys for the defendants and the factors set forth in *Trimper v. City of Norfolk*, 58 F.3d 68, 73 (4th Cir. 1995), the court finds that $200 per hour is a reasonable fee and 3 hours is a reasonable amount of time for the attorneys to spend scheduling and attending the first deposition. Any time spent in preparation of the deposition would not be costs incurred as a result of Plaintiff's failure to attend the first deposition because such preparation time would be useful for trial purposes.

Pursuant to Rule 37(d)(3) of the Federal Rules of Civil Procedure, the court hereby awards:

1) $600 to Defendants Midland Paint & Body Shop, Inc. and Clauthon Giacobone; and

2) $600 to Defendant Chuck Compton.

**IT IS SO ORDERED**.

October 24, 2008                              s/ R. Bryan Harwell
Florence, South Carolina                      R. Bryan Harwell
                                              United States District Judge